**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY VECCHIOLLA<br>103 Cromwell Drive<br>Robbinsville, NJ 08691<br><br>               Plaintiff,<br><br>       v.<br><br>UNITED STATES TENNIS ASSOCIATION -<br>MIDDLE STATES SECTION<br>1288 Valley Forge Road<br>Suite 74<br>Phoenixville, PA 19460<br><br>               Defendant. | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**PARTIES**

1.      Plaintiff Mary Vecchiolla ("Plaintiff" or "Vecchiolla") is an adult individual residing at 103 Cromwell Drive, Robbinsville, NJ 08691.

2.      Defendant United States Tennis Association-Middle States Section ("USTA" or "Defendant") is a domestic non-profit corporation formed under the laws of the Commonwealth of Pennsylvania with a registered address for service at 1288 Valley Forge Road, Suite 74, Valley Forge, PA 19482 and a principal place of business at 1288 Valley Forge Road, Suite 74, Phoenixville, PA 19460.

3.      At all times relevant hereto, Vecchiolla has been an "employee" as defined under Title VII and has been, and is, subject to the provisions of each Act.

4.      At all times relevant hereto, USTA was acting through its agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and control of USTA.

5.      At all times relevant hereto, USTA has been a "person" and "employer" as defined

under Title VII and has been, and is, subject to the provisions of each Act.

## JURISDICTION AND VENUE

6.      This action arises under Title VII of the Civil Rights Act of 1991 at 42 U.S.C. § 2000e-2(a)(1) ("Title VII").

7.      This Court has original jurisdiction over the Title VII claims pursuant to 28 U.S.C. § 1331, as Plaintiff's claims are substantively based on Title VII.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  10. All conditions precedent to the institution of this suit have been fulfilled.

9.      On or about January 14, 2026 the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue and this action has been filed within 90 days of receipt of the notice.[1]

## STATEMENT OF FACTS

10.      According to its website (https://www.usta.com/en/home/about-usta/who-we are/national/how-the-usta-works-for-you.html):

> [t]he USTA is the national governing body for the sport of tennis and the leader in promoting and developing the sport's growth on every level in the United States, from local communities to the crown jewel of the professional game: the US Open.
>
> The USTA is a progressive and diverse not-for-profit organization whose volunteers, professional staff and financial resources support a single mission: to promote and develop the growth of tennis.

11.      In 2012, Plaintiff was hired by USTA as Adult Competition Coordinator.

12.      Subsequently, Plaintiff was promoted to Adult Competition Manager and received a concomitant increase in her salary and her job responsibilities.

---

[1] Less than one year has passed since Plaintiff initiated her charge of discrimination with the EEOC and dual filed the charge with the Pennsylvania Human Relations Commission ("PHRC"). The PHRC has neither dismissed the charge nor entered into a conciliation agreement to which Plaintiff is a party.  Upon either dismissal of the charge by the PHRC or receipt of a notice that one year has passed since filing, Plaintiff may seek leave to amend this Complaint to include a claim under the Pennsylvania Human Relations Act.

13. During her employment, Plaintiff performed her job duties in a satisfactory and competent manner.

14. Plaintiff was qualified for a promotion to Adult League Manager.

15. In 2022, 2024, and late 2025 to early 2026, Plaintiff was passed over for the role of Adult League Manager, which would have been another increase in responsibilities, together with an annual salary increase of approximately $20,000.

16. USTA's decision not to promote Plaintiff was based on Plaintiff's sex.

17. On each occasion, the position was given to a less qualified male.

18. In 2022, following the departure of the Adult League Manager, Plaintiff sought to apply for the open position.

19. However, Plaintiff was informed that the position would not be re-posted.

20. The position had already been given to a male with no experience for the position.

21. The male individual hired for Adult League Manager in 2022 had been with USTA for approximately three years, had no experience qualifying him for the role, and yet was not required to apply for the role or submit a resume. Further, the USTA did not solicit opinions of this individual's prospective subordinates before awarding him the role.

22. The male left the position voluntarily in 2024.

23. In 2024 Plaintiff applied for or was considered for the position, and Defendant did not promote Plaintiff to the position for Adult League Manager.

24. Instead, the role was given to an unqualified male who had no experience within the organization.

25. Upon information and belief, the USTA did not require this male individual to apply. This male individual was given an interview based on his relationship with the then current (male) manager. The USTA did not ask potential subordinates their opinion of this male individual.

26. Ms. Vecchiolla again was treated differently than the male applicant. She applied

3

for and interviewed for the role. Further, the CEO contacted Ms. Vecchiolla's would-be subordinates to ask their opinions of her while evaluating whether to promote her.

27.    Rather than promoting the qualified long-time female employee, however, the USTA engaged an unqualified male from outside the organization.

28.    In late 2025, Defendant again sought to hire an Adult League Manager,[2] and again passed over Ms. Vecchiolla in favor of a male from outside the organization who, upon information and belief, is not qualified for the position.

**COUNT I**
**Violation of Title VII**

29.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth at length herein.

30.    Plaintiff is a member of a protected class under Title VII, in that she is female.

31.    Plaintiff was qualified for promotion to the position of Adult League Manager, as she possessed the necessary skills, experience, and qualifications for the promotion.

32.    Plaintiff applied for and/or was considered for the promotion.

33.    Defendant hired a male individual to the position, and such individual was not qualified for the role.

34.    Defendant's decision to not promote Plaintiff was based on Plaintiff's sex.

35.    Defendant's reasons for not promoting her were pretextual.

36.    Defendant treated Plaintiff less favorably than similarly situated males seeking appointment to the role of Adult League Manager, including by requiring her to interview for the role and by asking her potential subordinates their opinion.

37.    The USTA's actions, through its agents, servants and employees, in refusing to

---

[2] This action in late 2025 and early 2026 is anticipated to be the basis of a separate charge of discrimination by Ms. Vecchiolla. However, Plaintiff may refer to this recent failure to promote in the course of this matter.

promote Plaintiff, constituted a violation of Title VII.

38.     As a direct and proximate result of Plaintiff's unlawful discriminatory employment action in violation of Title VII, Plaintiff has suffered damages, including lost wages, and emotional distress and seeks an award including back pay, front pay, attorneys fees, costs and punitive damages.

WHEREFORE, Plaintiff Mary Vecchiolla demands judgment in her favor and against Defendant United States Tennis Association – Middle States Section in an amount greater than $150,000 as well as attorney's fees, costs, and punitive damages.

CURLEY & ROTHMAN LLC

By: /s Charles V. Curley
     Charles V. Curley (PA 60486)
     1100 East Hector Street
     Suite 425
Date: 04.10.2026     Conshohocken, PA 19428
     610.834.8819 (ph)
     Attorneys for Plaintiff